UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY MARTIN,

                      Plaintiff,      **No. 6:17-cv-06466(MAT)**
                                                    **DECISION AND ORDER**
        -vs-

JOYCE DECRISTOFORO, RYAN STILES, and
JACKIE WHITE, TRILLIUM DRIVER
SOLUTIONS, and MIDWEST CONSTRUCTION
SERVICES, INC.,

                      Defendants.

---

## I. Introduction

Proceeding *pro se*, plaintiff Anthony Martin ("plaintiff") instituted this action by filing a complaint (Docket No. 1) dated July 14, 2017, purportedly alleging employment discrimination against defendants Joyce DeCristoforo, Ryan Stiles, and Jackie White. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. On October 17, 2017, the Court entered a Decision and Order granting Plaintiff's motion for *in forma pauperis* status and dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2) ("Section 1915(e)(2)"). Docket No. 5. Plaintiff was granted leave to file an amended complaint, which he did on October 31, 2017. Docket No. 6. The amended complaint purports to assert a claim against Joyce DeCristoforo, Ryan Stiles, Jackie White, Trillium Drive Solutions, and Midwest Construction Services, Inc. (collectively "Defendants").

The Court has reviewed the amended complaint as required by Section 1915(e)(2) and finds, for the reasons stated below, that it fails to state a cause of action for which relief may be granted.

Accordingly, the amended complaint is dismissed *sua sponte*, with prejudice and without leave to amend.

**II. Screening of the Complaint under Section 1915(e)(2)**

    **A. Legal Standard**

Under Section 1915(e)(2), the Court must conduct an initial screening of a *pro se* litigant's complaint and must dismiss if it is "frivolous or malicious"; "fails to state a claim upon which relief may be granted"; or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

    **B. Plaintiff Has Not Stated a Claim**

The gravamen of Plaintiff's amended complaint is that, after he was injured in a motor vehicle accident, Defendants failed to complete certain paper work requested by Plaintiff's insurance company, causing him to lose wages. Plaintiff specifically alleges that Defendants "refuse[d] to give proper advise [sic] to [his] insurance so [he] lost [his] wages." Docket No. 6 at 1. Plaintiff styled his initial complaint as an employment discrimination claim but, as the Court explained in its October 17, 2017 Decision and Order, Plaintiff failed to allege any facts from which the Court could conclude that he was discriminated against on the basis of a characteristic protected by federal anti-discrimination law.

The allegations in the amended complaint fail to remedy this fatal flaw in Plaintiff's claim. Plaintiff has again failed to include any allegations to support a finding of unlawful discrimination. Plaintiff has also not identified, nor can the Court discern from his allegations, any other federal claim that Plaintiff may have against Defendants. Accordingly, Plaintiff's amended complaint fails to state a cognizable claim.

Because Plaintiff has been given an opportunity to amend and has failed to remedy the flaws in his pleading, the Court finds that dismissal of his complaint with prejudice and without leave to replead is appropriate.

## III. Conclusion

For the foregoing reasons, Plaintiff's amended complaint (Docket No. 6) is dismissed *sua sponte*, with prejudice and without leave to amend. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962).

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **s/ Michael A. Telesca**

                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    February 8, 2018
            Rochester, New York.